505 P.2d 1220

Cash T. SKARDA, Plaintiff-Appellant,

v.

Lloyd L. DAVIS, Sr., et al., Defendants-Appellees.

No. 9488.

Supreme Court of New Mexico.

Feb. 2, 1973.

Shipley, Durrett, Conway & Sandenaw, Alamogordo, for appellant.

Hinkle, Bondurant, Cox & Eaton, Harold L. Hensley, Jr., Stuart D. Shanor, Roswell, for appellees.

OPINION

MONTOYA, Justice.

The controversy herein first arose when plaintiff-appellant Skarda, hereinafter referred to as "Skarda," filed suit to recover damages for breach of contract for failure to complete the developmental work in a subdivision and for damages for loss of anticipated profits arising out of the inability to perform the contract by the Davises, defendants-appellees, who, for convenience, are hereinafter referred to as "Davis." Davis filed a cross-claim seeking judgment on a promissory note and foreclosure of a mortgage. The trial court ruled that Skarda owed Davis, on a promissory note secured by a mortgage, the sum of $168,600.00, and that Skarda was entitled to an offset of $51,369.31 against the sum he owed Davis, or a balance due from Skarda to Davis of $117,230.69.

The trial court's judgment, insofar as material to this appeal, was expressed as follows:

"'It is Therefore Ordered, Adjudged and Decreed that the Plaintiff is entitled to an offset of $51,369.31, which sum is to be offset against the sum owed by Plaintiff to Defendants of $168,600.00, leaving a balance due from Plaintiff to Defendants of $117,230.69, which Plaintiff is entitled to discharge one-half in cash and one-half in contracts, as provided by the contract.'"

From this method of offset Skarda filed his first appeal, this being the second. In that first appeal, this court held that the trial court's method of applying the offset was erroneous. We held, in Skarda v. Davis, 83 N.M. 342 at 348–349, 491 P.2d 1153 at 1159–1160 (1971), as follows:

"* * *. We * * * remand the cause to the trial court and order that it set aside its former judgment insofar as the method of payment is concerned. Further, the trial court is ordered to grant judgment in favor of Davis in the sum of $168,600, with Skarda entitled to an offset of $51,369.31. Skarda would then, at his option, be entitled to discharge $84,300 (one-half of the amount due under the contract), by the assignment of real estate contracts and pay the remaining balance of $32,930.69 in cash."

Upon remand, the trial court entered its final judgment upon mandate. In addition to the instructions from this court, outlined above, the trial court allowed interest on the lot sale contracts from June 29, 1970, to February 14, 1972, the date of the trial court's entry of final judgment. That portion of the trial court's order allowing interest reads as follows:

"* * *. The Final Judgment from which appeals were taken was entered on June 29, 1970, and provided for payment to Defendants by Plaintiff of the total sum of $117,230.69. · By the terms of the contract between the parties, only that part of the original debt which is paid by assignment of lot sale contracts bears interest. The Mandate allows Plaintiff, at his option, to discharge $84,300.00 of the Judgment in this manner. Therefore, in accordance with Section 50–6–3, New Mexico Statutes Annotated, 1953, if Plaintiff pays $84,300.00 by assignments of contracts, then such interest at 6% per annum, computed to January 29, 1972, amounts to the sum of $8,008.50."

It is from this order allowing interest that Skarda appeals. Skarda argues that neither the contract nor § 50–6–3, N.M.S.

A., 1953 Comp., can be construed to justify this award of interest. He further argues that it was error to include an award of interest for the time the case was on appeal.

The trial court was correct in stating that:

"* * *. By the terms of the contract between the parties, only that part of the original debt which is paid by assignment of lot sale contracts bears interest. * * *"

The trial court was referring to the following provisions of the contract which, when read together, clarify the question of interest:

"* * *. Sellers agree that the balance as evidenced by said Note and Mortgage shall bear no interest except on Contracts Sellers accept on subsequent payments.

"* * *.

"Sellers further agree that Buyer shall have the option to pay one-half of the payments heretofore provided for in Contracts, provided that said Contracts be for a sale upon the above described property; before a period of no more than seven (7) years in length and bear a minimum of six per cent (6%) interest. * * *"

As was pointed out earlier, Skarda was given the option to discharge one-half of the obligation ($84,300.00) by the assignment of real estate contracts. Skarda exercised his option and assigned real estate contracts having a total unpaid balance of $84,300.00. In his brief, Skarda states that:

"* * *. All of the contracts assigned were for a 'period of no more than seven (7) years in length and bear a minimum of six per cent (6%) interest.'"

This statement is not disputed by Davis and the record does not reveal anything to the contrary. It appears then that the original contract between the parties was complied with, insofar as the contracts as-

signed from Skarda to Davis in payment of the sum of $84,300.00 were:

"* * * for a sale upon the above described property; before a period of no more than seven (7) years in length and bear a minimum of six per cent (6%) interest. * * *"

Therefore, we believe the trial court was in error when it ruled that six per cent (6%) interest should be awarded on the lot sale contracts pursuant to § 50–6–3, supra. It appears that the trial court was awarding this 6% interest pursuant to its interpretation of the terms of the contract. This is borne out by the fact the court only allowed interest on that portion of the judgment which is paid by contracts. As mentioned previously, this misconstrues the terms of the contract and the result, if allowed to stand, would be that Skarda is satisfying the "6%" terms of the contract twice; once when he assigned contracts that bear interest at 6%, and again when he satisfies the $8,008.50 (6% on $84,300.-00) judgment of the trial court.

The error by the trial court is complicated somewhat by its reference to § 50–6–3, supra. After noting that interest will be allowed only in relation to the assignments of contracts, as provided by the contract, the court goes on to state that its award of interest is pursuant to § 50–6–3, supra.

It was error for the trial court to apply the statutory interest rate provided for by § 50–6–3, supra, which is headed as follows:

"50–6–3. Interest rate—No written contract.—The rate of interest, *in the absence of a written contract fixing a different rate,* shall be six per cent [6%] per annum, in the following cases: * * *" (Emphasis added.)

Having found that a "written contract fixing a different rate" existed between the parties, there is no applicability of § 50–6–3, supra, to the instant case. The rights of the parties are controlled by their own contract.

The issue of whether interest should be allowed on the judgment while the case was on appeal is, therefore, not reached as we believe the award of interest is ipso facto erroneous and should be reversed.

The judgment of the trial court, insofar as the award of interest is concerned, is reversed and the cause is remanded to the trial court to modify its judgment and proceed in a manner consistent herewith.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.